·No. 10,381.

NORCROSS, ET AL. v. CONSOLIDATED HILLSBOROUGH DITCH CO.

Decided April 7, 1924.

Action to enforce an alleged contract for the carriage of water. Judgment for defendant.

*Reversed.*

1. SPECIFIC PERFORMANCE—*Water Carriage Contract.* In an action by water owners to compel a ditch company to carry their water free of charge under the terms of an alleged contract by which the company was to carry the water for the use of the unused residue belonging to the owners, they having disabled themselves from performing by selling a portion of their rights, it is held that specific performance could not be enformed against the company.

2. WATER RIGHTS—*Carriage—Equity.* A ditch company having for years carried water belonging to the users of another ditch and until and after they had abandoned their ditch, it is held that the company should be decreed to continue carrying the water under such terms as the court might consider just.

3. EQUITY—*Duty of Court.* A court of equity having taken jurisdiction of a controversy should determine the whole matter.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. R. W. FLEMING, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiffs in error.

Mr. C. D. TODD, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFFS in error were defeated upon trial to the court in an action brought by them to compel the defendant in error to carry their water without charge, in consideration of the advantage to the company of their surplus which might be left in the ditch. They bring error. There was a general finding for defendant, and a general decree against them.

The evidence showed that the plaintiffs' rights were appropriated through Big Thompson Ditch No. 1, and were very old and valuable. Defendant's ditch was parallel to and above the plaintiffs' ditch and its rights much inferior in priority. It had, however, acquired some of the water from the older ditch and was carrying all its No. 1 water through its own ditch. Other water from that ditch had been sold and transferred elsewhere, so that the small amount, 9.78 s. f., belonging to plaintiffs was all that was left to be carried in Big Thompson No. 1 ditch. The plaintiffs, under these circumstances, carried their water through defendant's ditch for say ten or fifteen years before 1916, sometimes under a special temporary arrangement and sometimes apparently with no definite understanding.

The grounds for reversal are (1) that a contract to carry the water as above stated was indisputably shown; (2) that the defendant is estopped by conduct to deny the plaintiffs' right to the transportation.

As to the first ground, there is evidence on both sides

and we cannot say the court was wrong in finding that there was no contract; but, apart from that, we think the plaintiffs have no standing in equity to demand free transportation of their water. The only consideration which was pleaded and proved for the alleged contract was the advantage to be gained by the defendant by its retention of the unused residue of the plaintiffs' water which would remain in the ditch after their wants were supplied; but, from time to time, during the time when defendant, as claimed by plaintiffs, was carrying their water for said consideration, they sold portions of their rights and continued with the remainder to irrigate the same amount of land as theretofore, thus destroying or substantially reducing the residue. Thus they are asking equity to compel the specific performance of a contract the consideration for which they have disabled themselves fully to perform. For these reasons we must say that the performance of the alleged contract cannot be enforced.

It is also claimed that the consideration for this contract was illegal but we do not find it necessary to express an opinion upon that point.

Upon the second ground: In 1916, having for say ten or fifteen years carried the plaintiffs' water free of money charge, the defendant joined in a suit to enable plaintiffs to change their point of diversion to the defendant's ditch, and a decree was entered to that end, in which there was a finding that plaintiffs had acquired from the company the right to divert and carry their water through its ditch. It may be, as claimed by defendant, that this finding is not res adjudicata because the question was not involved in an action to change diversion, yet the plaintiffs by this and by the conduct of the defendant in carrying their water without charge for many years were led to abandon their own ditch, and thus the decree of court leaves them with no place of diversion and no method of transportation.

We do not think that equity requires such severity. While plaintiffs have no equitable standing to demand the

performance of the contract which they relied on (indeed the effect of the general finding of the court is that there was no contract) we think the defendant is in no position to exclude them from its ditch entirely. If there was no contract, the sale of portions of their water rights was proper and they are not to be penalized for it, and the company has no right under the above facts to refuse them transportation upon reasonable terms, whatever those terms may be, perhaps upon payment of their share in the maintenance of the ditch from its headgate to their point of diversion from the ditch, according to the statute; and the court, under its equity powers, having taking jurisdiction, should have determined the whole matter and should have given the plaintiffs a right of transportation upon such terms as it might consider just.

For these reasons the judgment should be reversed, and the cause remanded for further proceedings not inconsistent herewith. Reversed and remanded.

MR. JUSTICE WHITFORD not participating.